FRANKLIN TRUST COMPANY (LUTHER A. HARR, SECRE-
TARY OF BANKING OF THE STATE OF PENNSYL-
VANIA, SUCCEEDING WILLIAM D. GORDON, FORMER
SECRETARY OF BANKING OF THE STATE OF PENN-
SYLVANIA), PLAINTIFF-RESPONDENT, v. EDMUND
GOERKE, DEFENDANT-APPELLANT.

Submitted October 30, 1936—Decided January 22, 1937.

For the defendant-appellant, *John J. Stamler.*

For the plaintiff-respondent, *A. Harry Moore.*

The opinion of the court was delivered by

BODINE, J. The appellant in December of 1930, borrowed
$18,000 from the Franklin Trust Company of Philadelphia
upon a demand note secured by collateral. Prior to the clos-
ing of the bank the market value of the securities pledged had
depreciated greatly so that there was a great difference
between the amount lent and the amount realized upon the
sale of the pledge. The trust company's liquidator sued the
appellant for the balance due, and the appellant answered
and counter-claimed for the damages sustained, setting up
that the loss which the bank sought to recover was suffered
because of its negligence in failing to sell the securities
pledged when requested so to do.

This court held in *Franklin Trust Co.* v. *Goerke,* 116
*N. J. L.* 529, that it was error to submit the case to the jury
even though the proofs indicated that the bank was negligent
in failing to honor the request of the borrower to sell the
securities pledged, for the reason that a pledgee of stock in
the absence of contract is under no duty to sell. The appel-
lant then sought leave to amend his answer and counter-claim

in order to prove, among other things, the breach of a valid contract made by an officer of the bank, whereby it was obligated to sell the stock pledged when requested so to do and at a time when much more would have been realized than the amount of the debt. The amended pleadings also allege a custom prevalent in the closed bank and other banks in the federal reserve system, whereby, upon request, securities pledged to secure a loan are always sold when sufficient or more money can be realized from a sale thereof than is necessary to liquidate the loan. The pleadings also allege that this custom of dealing became and was part of the original contract of pledge. It was also alleged that although the appellant could under such custom have required the immediate liquidation of his stock he had agreed, for the benefit of the bank, that it might sell his stocks in small lots so as not to needlessly depress a market in which it was interested.

After judgment in this court the pleadings may be so amended in the trial court as the furtherance of justice may require. *VanDyke* v. *Admrs. of VanDyke,* 19 *N. J. L.* 1. In this case there was no bar to the allegation of a cause of action different from that upon which this court passed. It certainly was in the interest of justice that a valid cause of action be tried. In alleging a custom relied upon at the time of the original borrowing and a breach of a valid and binding contract to sell, a cause of action was set forth upon which this court has not passed. The amendment sought to the answer and counter-claim sets forth a valid defense and a valid cause of action which the proofs may support. It was, therefore, judicial error to refuse such amendment and to enter judgment for the plaintiff.

The application was not to amend a pleading at the trial and was, therefore, not a matter addressed to the sound discretion of the court, not reviewable on appeal. *Malsbury* v. *Pullen,* 9 *N. J. Mis. R.* 1023 (at *p.* 1025).

The judgment below is reversed.

*For affirmance*—CASE, PERSKIE, DEAR, WELLS, JJ. 4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BODINE, HEHER, HETFIELD, WOLFSKEIL, RAFFERTY, COLE, JJ. 10.